**Alan Neal SCOTT, Petitioner-Appellant,**

v.

**John CLARK, Acting Warden F.C.I., and U.S. Parole Commission, Respondents-Appellees.**

No. 84–3698
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 4, 1985.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

Petitioner, a federal prisoner, filed this § 2255 petition to challenge the United States Parole Commission's refusal to withdraw a parole violator detainer. In November 1979 Scott was paroled after serving two years of a five year federal sentence. In September 1980 he was convicted of new federal charges in Tennessee and was given a 15 year sentence that subsequently was reduced to five years.

The Parole Commission lodged a parole violator warrant against Scott. In March 1981 he received an additional two year consecutive federal sentence in another matter. In June 1981 following a dispositional hearing, the Commission revoked Scott's parole, denied credit for the time spent on parole, and determined that his parole violator term would commence upon completion of incarceration on his interven-

ing federal sentences. A detainer based on the parole revocation was lodged against Scott.

This court vacated Scott's original five year sentence and remanded the case for resentencing. *U.S. v. Scott,* 664 F.2d 264 (11th Cir.1981). The district court resentenced him to a five year term "to commence upon the defendant's due and lawful release from custody under the Federal sentence he is now serving ..." and gave Scott credit for the two years already served.

Scott filed a habeas petition in federal court in Tennessee, alleging that the Eleventh Circuit's vacation of the original sentence voided the parole violator warrant. *Scott v. McCall,* 708 F.2d 727 (6th Cir. 1982). The Sixth Circuit held that vacation of the original sentence did not retroactively deprive the Commission of authority to issue a parole violator warrant, and that Scott must serve the remaining three years of his original sentence after completing the federal sentence for the subsequent offenses.

In the present action Scott challenges the Parole Commission's refusal to withdraw the detainer. Before the district court Scott raised two issues: first, that the failure to withdraw the parole violator warrant and detainer subjected him to double jeopardy, and second, that the Parole Commission failed to follow its regulations in deciding not to execute the parole warrant within the time specified by 28 C.F.R. § 2.47(c)(2) (1980). The district court adopted the report of the magistrate that had recommended denial of both claims.

Scott attempted in district court to raise the issue of the aggregation of the three year sentence with his other sentences for purposes of good time under 18 U.S.C. § 4161 by an "Amendment to Petition for Habeas Corpus" and through objections to the magistrate's report. Neither the magistrate nor the district court considered the issue.

■ The only possible basis for petitioner's double jeopardy claim is that he is currently serving the remainder of the original five year sentence and thus would be subject to punishment for the same offense again when the detainer becomes effective at the end of his present sentence. This challenge is barred by res judicata. The Sixth Circuit necessarily decided this question in considering Scott's challenge to the parole violator warrant and the detainer. That court decided that the warrant and detainer were valid and not affected by the vacation of Scott's original sentence by this court, and that Scott should serve the remaining three years of the five year term at the end of his present sentence.

Scott also asserts that the Commission did not follow its own guidelines in refusing to execute the warrant within 18 months. At that time 28 C.F.R. § 2.47(c)(2) provided that a revoked parolee's original sentence would start to run at the earlier of either his release from the new sentence or on completion of 18 months of his new sentence. Exceptions to this provision required the approval of two members of the United States Parole Commission (National Commissioners). 28 C.F.R. § 2.24(a) (1980).

■ The decision of the district court must be affirmed for the reasons set out in the magistrate's report adopted by the district court. The order of the sentencing judge in resentencing Scott directed that the remainder of the original sentence was to start only after completion of the new sentence. While the sentencing court cannot control or enforce a specific parole date, the determination of the Parole Commission must be within the sentence and sentence structure determined by the court. *See U.S. v. Addonizio,* 442 U.S. 178, 189 & n. 15, 99 S.Ct. 2235, 2242 & n. 15, 60 L.Ed.2d 805 (1979). Retroactive service of the parole violator term would make the term imposed on resentencing a concurrent sentence, contrary to the explicit instructions of the resentencing court.

■ The Parole Commission has the power to order that the unexpired portion of Scott's original sentence be served consecutively to the sentence imposed for an

offense committed after his release on parole. While the decision to delay the parole violator term was not initially approved by two commissioners in the manner specified in 28 C.F.R. § 2.24(a), the National Appeals Board, which consists of three Commissioners, approved the decision in affirming Scott's administrative appeal. The approval by the Appeals Board substantially complied with the requirements of § 2.24(a). *Kelsey v. State of Minnesota,* 565 F.2d 503, 506 (8th Cir.1977); *but see Briggs v. United States Parole Commission,* 736 F.2d 446, 450 (8th Cir.1984) (substantial compliance does not mean the court should ignore a deviation from regulations that results in de minimis harm of two months additional incarceration).

■ The district court should have considered Scott's § 4161 claim. Since Scott filed his amendment to the habeas petition and his objections to the magistrate's report after a responsive pleading had been served, he should have sought leave to amend. Fed.R.Civ.P. 15(a). However, Rule 15(a) requires that "leave shall be freely given when justice so requires." Scott was *pro se.* His effort to amend should have been allowed. Whether the three year parole violator term is a consecutive sentence for purposes of § 4161 must be considered by the district court.

Scott also asserts that his argument about § 4161 raises a separate double jeopardy claim. Section 4161 simply directs that when two or more separate sentences are to be served the aggregate of the several sentences shall be the basis upon which the deduction shall be computed. The provision does not direct that the later sentence be served earlier but only that it be included in determining the proper good time allowance. This raises no double jeopardy claim.

We AFFIRM the judgment on the double jeopardy claim and the claim that the Parole Commission did not follow its regulations, and REMAND for consideration of the issue of the proper application of 18 U.S.C. § 4161.