Albert VICTORY, Petitioner,

v.

Eugene LEFEVRE, Superintendent, Clinton Correctional Facility, Respondent.

No. 85 Civ. 7091 (JES).

United States District Court, S.D. New York.

April 12, 1989.

Albert Victory, Dannemora, N.Y., pro se.

Robert M. Morgenthau, Dist. Atty., New York City, for respondent; Arthur G. Weinstein, Marc Frazier Scholl, Carol A. Remer–Smith, Asst. Dist. Attys., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, petitioner Albert Victory seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1982). Petitioner was convicted in New York Supreme Court of felony murder. This matter was referred for Report and Recommendation pursuant to 28 U.S.C. § 636(b) (1982) to Magistrate Joel J. Tyler, who recommended that the petition be dismissed. *See* Report and Recommendation ("Report") at 37. Petitioner has filed objections, which the Court considers de novo. *See* 28 U.S.C. § 636(b)(1). For the reasons below, the Court adopts the Magistrate's well-reasoned Report and concludes that the petition must be dismissed.

The facts pertinent to the events surrounding petitioner's conviction were stated by the Second Circuit in *Victory v. Bombard,* 570 F.2d 66 (2d Cir.1978), his first habeas petition.

[O]n the night of October 6–7, 1968, Victory, driving a car with Robert Bornholdt as passenger, sped through a red light at Fifth Avenue and 54th Street in Manhattan. He was pursued by John Varecha, a New York City police officer, to his destination, Arthur's Discotheque. There Varecha sought to question Victory and Bornholdt. The two suspects assaulted the patrolman. Varecha struck back with his nightstick, drew his gun and told them they were under arrest. Victory and Bornholdt then slowly backed away and drew Varecha into a nearby alley. There Bornholdt drew a gun and fatally wounded Varecha.

*See id.* at 67.

## I. SUFFICIENCY OF THE EVIDENCE

■ Petitioner's first ground for relief is that "[n]o rational trier of fact could have found the essential elements of felony murder beyond a reasonable doubt." *See* Petition at 5. Therefore, the Court must determine whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original).[1]

■ Victory concedes that a rational jury could have found that he and Bornholdt had assaulted the officer and that they had been arrested after the assault. *See* Petitioner's Objections and Reply to the Magistrate's Report and Recommendations ("Objections") at 49; [Petitioner's] Supplemental Reply Memorandum at 13. He argues, however, that a rational jury could not have found that he and Bornholdt were engaged in a joint plan or intent to escape at the time of the shooting, a necessary predicate for the crime of felony murder. *See People v. Bornholdt,* 33 N.Y.2d

---

**1.** Respondent argues that this claim was available but not raised when petitioner filed his first habeas petition in 1976 and is therefore an abuse of the writ. However, the Court concludes for the reasons given by the Magistrate that the sufficiency of the evidence claim is not an abuse of the writ. *See* Report at 25–28. Since the first petition was filed before *Jackson* rejected the standard set forth in *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), which required that there be no evidence with respect to a crucial element of the offense before a conviction could be vacated on a habeas corpus petition, the filing of the petition after that intervening change in the law does not constitute an abuse of the writ.

75, 82, 305 N.E.2d 461, 464, 350 N.Y.S.2d 369, 374 (1973), *cert. denied*, 416 U.S. 905, 94 S.Ct. 1609, 40 L.Ed.2d 109 (1974).

After a review of the evidence de novo, the Court agrees with the conclusion of the Magistrate that there was sufficient evidence for a rational jury to convict petitioner of felony murder beyond a reasonable doubt. As detailed in the Report, there is evidence from which the jury could have inferred that Victory and Bornholdt intended to escape. *See* Report at 33–36. Moreover, the jury could have inferred from this evidence and the evidence of a joint assault on the police officer, Transcript of Trial ("Tr.") at 1046, 1123–24, 1126–27, that there was a joint plan between Victory and Bornholdt to escape prior to the shooting.

Although Victory states that after the arrest he was against the east and then west wall of the alley, witness Fransisco Garcia testified that Victory only stood against the walls momentarily, Tr. at 1052, 1058, 1136, 1311–12, and that the people were moving around the alley constantly at this time,[2] Tr. at 1198, 1247, 1315. Also, both Victory and Bornholdt told Garcia to get out of the alley, Tr. at 1058, 1311–12, which supports the inference that Victory and Bornholdt were acting jointly to avoid the arrest. Moreover, although Garcia did not see the shots being fired immediately, he did see the last flash of shots from a gun in Bornholdt's hand. Tr. at 1059–61, 1159. At that time, although Victory contends that he was hugging the wall, Garcia testified that Bornholdt and Victory were "scuffling with the policeman," Tr. at 1059, and that they were in a "closer grouping," Tr. at 1160–61. Bornholdt then fled the alleyway, and Victory fled after him. Tr. at 1526–30. In view of all this evidence, it was entirely rational for the jury to conclude that a joint plan of escape existed prior to the shooting.[3]

Therefore, the Court concludes that, under the standard in *Jackson v. Virginia*, the trier of fact here could have rationally found that all the essential elements of felony murder were established by proof beyond a reasonable doubt.

## II. MANIFEST INJUSTICE

■ Victory's second claim is that his conviction "is a manifest injustice and in violation of the 5th, 6th, and 14th Amendments to the Constitution." *See* Petition at 5. Petitioner states that his trial "was a grieviously [sic] flawed vehicle for arriving at justice" and that "on both legal and moral grounds he is innocent." *See id.*

The Court agrees with the Magistrate that there is no cognizable claim for habeas relief based upon manifest injustice or on factual innocence apart from a specific constitutional violation and that in any event this claim is in essence nothing more than a recharacterization of the first claim, insufficiency of the evidence. *See* Report at 15–25. In view of that circumstance, the Court also agrees with the Magistrate that a requirement of exhaustion would be unnecessary here because Victory's claim of manifest injustice does not state a constitutional claim requiring exhaustion in the state courts. *See id.* at n. 9.

In his objections, petitioner states that his claim is really that the denial of a fair trial violated his due process rights, and he asks that "the individual errors [he] had put forth as 'factors' be considered as individual claims of constitutional violations." *See* Objections at 42, 45–46. This is directly contrary to his previous assertion that none of the factors raised in support of the manifest injustice claim were presented as separate constitutional claims. *See* Petitioner's Reply Memorandum ("Reply Memo") at 6. Indeed, petitioner's argument before the Magistrate was that these individual factors, although arguably not

---

**2.** The witness did not recall, as Victory contends, that Victory was moving in the alley to avoid puddles. Tr. at 1239.

**3.** Although Victory contends that the only rational inference from his statements in the alley to "Get the cop" or "Get a cop," Tr. at 1053, 1194–95, 1215, 1219, 1241–44, is that he was

asking Garcia to summon help, the Court does not agree with that contention. Moreover, it was the jury's function to determine whether Victory said "Get a cop" or "Get the cop", since there was evidence in the record to support either version of what Garcia testified was said.

sufficient to warrant reversal in themselves, amounted to a manifest injustice when taken together. *See* Petitioner's Memorandum in Support of Petition at 118; Reply Memo at 10–11.

 Although the Court is aware that leave to amend should be freely given under Fed.R.Civ.P. 15(a), *see Scott v. Clark,* 761 F.2d 1524, 1527 (11th Cir.1985), the policies which would favor liberal amendment are not present here, *see Robinson v. Wade,* 686 F.2d 298, 304 (5th Cir.1982). First, the failure to present these factors as separate claims was not inadvertent. Rather, it was the result of a deliberate choice designed to obtain a strategic advantage, *i.e.,* to avoid having to address procedural barriers such as exhaustion and abuse of the writ before the Magistrate. *See* Report at 24. Having attained the benefit of avoiding those procedural barriers, petitioner should not be allowed now to change his position after he has lost on the merits and caused the expenditure of judicial resources that might not have otherwise been necessary had he asserted those claims sooner.

Moreover, the amendment should not be granted for other reasons. Two of petitioner's claims were rejected by the Second Circuit in *Victory v. Bombard, supra,* and there has been no intervening change in the law which would justify a representation of those claims. Also, although petitioner has withdrawn three unexhausted claims, his claims regarding a failure to charge on circumstantial evidence, flight and consciousness of guilt were neither raised at trial nor in his state appellate briefs and are therefore unexhausted, which would require a dismissal of this petition under *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Finally, petitioner's remaining exhausted claims were available but not raised in his prior petition, subjecting them to dismissal as an abuse of the writ. *See Sanders v. United States,* 373 U.S. 1, 17–19, 83 S.Ct. 1068, 1078–79, 10 L.Ed.2d 148 (1963).

In his papers before the Magistrate, petitioner gave no reason why these claims were not previously raised, and petitioner would have had to address these procedural issues if he had not asserted that the individual factors were not being raised as separate claims. In any event, those claims can be asserted in a separate petition and no prejudice to petitioner will flow from their not being asserted by way of amendment here. *See Jones v. Parke,* 734 F.2d 1142, 1145 (6th Cir.1984); *Hodges v. Rose,* 570 F.2d 643, 649 (6th Cir.), *cert. denied,* 436 U.S. 909, 98 S.Ct. 2243, 2244, 56 L.Ed.2d 408 (1978).

### CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation of the Magistrate and concludes that the petition must be dismissed. The Clerk of Court is directed to enter judgment accordingly and close the above-captioned action.

It is SO ORDERED.