875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Steven HOPKINS, Petitioner-Appellant,
v.
KENTUCKY PAROLE BOARD; Attorney General, Respondents-Appellees.
 No. 89-5095.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and BENJAMIN F. GIBSON, District Judge.*
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 David Steven Hopkins moves for counsel and to expedite oral argument or summary judgment and appeals from the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. Hopkins pled guilty to possession of a forged instrument and was sentenced to six years in prison. Hopkins claimed that he was denied his constitutional right to a speedy parole revocation hearing, that he was denied effective assistance of counsel at his preliminary parole revocation hearing, and that the detainer lodged against him by Kentucky stopped his state court sentence from running in violation of his fourteenth amendment due process rights. Hopkins named the Kentucky State Parole Board and the Attorney General of Kentucky as respondents. Upon review, the court decided that Hopkins was not attacking the constitutionality of his underlying state conviction, but rather the alleged violation of rights which had or will occur in the parole revocation process; the court also dismissed the Attorney General from the suit as the Kentucky Parole Board was the real party in interest. After reviewing the respondent's motion to dismiss, Hopkins' response, the magistrate's report and recommendation, and Hopkins' objections, the district court dismissed the petition as meritless, and denied various motions filed by both Hopkins and the respondents.
 On appeal, Hopkins raises the same claims that he raised in his petition. He does not appeal the district court's denial of the various motions that he filed in that court.
 Upon review, we conclude that the district court correctly dismissed Hopkins' claim that he was denied his constitutional right to a speedy parole revocation hearing. Hopkins claimed that Article III of the Interstate Agreement on Detainers ("IAD") and Ky.Rev.Stat. Sec. 440.455(2) require speedy parole revocation hearings. However, a probation violation charge which does not accuse an individual of having committed a criminal offense in the sense of initiating a prosecution does not come within the terms of Article III. See Carchman v. Nash, 473 U.S. 716, 724-25 (1985). Although Hopkins claims that Ky.Rev.Stat. Sec. 440.455(2) attempts to amend the IAD by making it applicable to parole and probation revocation, the Kentucky statute has no effect on the IAD. See Carchman, 473 U.S. at 750 n. 19 (Brennan, J., dissenting).
 
 
 1
 Hopkins next contends that he was denied effective assistance of counsel at his preliminary parole revocation hearing. To establish ineffective assistance of counsel, Hopkins must show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Hopkins claimed that his attorney arrived late at his preliminary parole revocation hearing, that he did not meet with him prior to the hearing, did not present evidence on his behalf, and would not speak to him following the hearing. However, Hopkins has not shown that he was prejudiced by counsel's performance. A conviction while on parole is grounds for revocation of parole. See Santillanes v. United States Parole Comm'n., 754 F.2d 887, 888 (10th Cir.1985). Counsel's performance had no bearing on the fact that Hopkins committed another crime while on parole, thereby giving the court grounds to revoke his parole. Therefore, his ineffective assistance of counsel claim is meritless.
 
 
 2
 Finally, Hopkins claimed that his due process rights were violated because the detainer tolled the time running on his state conviction. The time remaining on a conviction for which parole has been revoked by virtue of an intervening conviction may be served consecutively to the intervening sentence. See, e.g., Scott v. Clark, 761 F.2d 1524, 1526-27 (11th Cir.1985); United States v. Newton, 698 F.2d 770, 772 (5th Cir.1983) (per curiam). As a result, this claim is also without merit.
 
 
 3
 For these reasons, the motions for counsel and to expedite oral argument or summary judgment are hereby denied and the district court's judgment is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, U.S. District Judge for the Western District of Michigan, sitting by designation