NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0010n.06

No. 08-5330

FILED

**Jan 06, 2010**
LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

AARON W. LEE,

      Petitioner-Appellant,

v.

HECTOR A. RIOS, JR., WARDEN,

      Respondent-Appellee.

                                    /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

BEFORE:    CLAY and GIBBONS, Circuit Judges, and STAMP, District Judge.[*]

**CLAY, Circuit Judge.**  Petitioner, Aaron W. Lee, appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On appeal, Petitioner argues that the decision of the United States Parole Commission ("Commission") denying him parole was invalid under the Commission's regulations requiring that three commissioners sign the decision when the decision differs in its recommendation from the hearing examiner's decision by more than six months.  The district court concluded that a new parole proceeding was unnecessary under the circumstances.  For the reasons set forth below, we hereby **REVERSE** the judgment of the district court and **REMAND** for proceedings consistent with this opinion.

---

[*]The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia sitting by designation.

1

**BACKGROUND**

Petitioner was convicted of first degree murder and assault with a dangerous weapon and sentenced to twenty-two years to life in prison, with a mandatory minimum sentence of twenty years. Petitioner committed the offense on April 20, 1985, and received jail time credit toward his sentence beginning on April 22, 1985. While in prison, Petitioner completed numerous vocational training programs and received excellent work reports for his service as an orderly. On April 24, 2005, Petitioner submitted a letter to the Commission requesting a reduction in his minimum sentence. The Commission, in a letter dated August 9, 2005, denied his request, noting that, "[a]lthough [his] program achievements are admirable, due to the violent nature of [his] crime, which resulted in the death of the victim, the Commission is of the opinion that the minimum term imposed by the sentencing court is necessary to achieve the appropriate punishment." (Dist. Ct. R.E. 12 Ex. D.)

Petitioner's initial parole hearing took place on January 18, 2006. The hearing examiner determined that the "total guideline range" was 250 to 268 months and that the guidelines "accurately reflect the appropriate punishment for this crime." (Dist. Ct. R.E. 12 Ex. E at 3.) The hearing examiner recommended "parole at the top of the guidelines" as "appropriate for the crime committed." (*Id.*) The hearing examiner also noted that, because Petitioner "ha[d] been rewarded for his prison program accomplishments with a Superior Program Achievement Award," further reduction for his good behavior in prison "would not be warranted." (*Id.*) Accordingly, the hearing examiner recommended that Petitioner "[c]ontinue to a presumptive parole on 8/24/07 after the service of 268 months" and that a "departure from the guidelines at this consideration is not warranted." (*Id.*; Dist. Ct. R.E. 12 Ex. F at 4.)

On January 18, 2006, the hearing examiner signed the recommendation. Later, on February 6, 2006, an executive hearing examiner signed the recommendation that Petitioner continue to a presumptive parole of August 24, 2007. Below that recommendation, however, appears a different recommendation: "Continue for a reconsideration hearing in 2-09 after service of 36 months from your hearing date of 1-18-06." (Dist. Ct. R.E. 12 Ex. G at 1.) Two members of the Commission signed this recommendation, one on February 7, 2006, and another on February 8, 2006. In an addendum to the hearing summary, a handwritten note stated that Petitioner was "a more serious risk" than his Salient Factor Score indicated because of his use of drugs and alcohol at the time of the crime, and because he committed premeditated murder. (Dist. Ct. R.E. 12 Ex. G at 2.)

In its Notice of Action of February 9, 2006, the Commission issued its decision to deny parole and stated that Petitioner's total guideline range was 250 to 268 months. The Notice of Action then concluded that, "[a]fter consideration of all factors and information presented, a decision above the Total Guidelines Range is warranted because you are a more serious risk than indicated by your Base Point Score." (Dist. Ct. R.E. 12 Ex. H at 1.) In support of this finding, the Commission again noted his alcohol and drug abuse and the premeditated nature of his crime. Petitioner appealed the Commission's determination, which the Commission construed as a request to reopen his case. The Commission denied the request.

On April 11, 2007, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In a footnote in response to the petition, the Warden stated the following:

> In the process of preparing a response to the petition for a writ of habeas corpus, the Commission's legal office discovered that an additional Commissioner's vote had not been obtained before the Commission issued its decision [of February 9, 2006]. Three Commissioners' votes are required in this case because the Commission's decision differed from the hearing examiner panel by more than 6 months. See 28

3

C.F.R. § 2.74. This appears to have been an oversight and the additional vote was obtained on June 8, 2007, which ratified the decision appearing on the notice of action dated February 9, 2006.

(Resp. Br. at 5 n.2.)

In his reply brief, Petitioner argued that the Commission illegally extended his incarceration for more than one year by not obtaining the votes of three commissioners as mandated by 28 C.F.R. § 2.74(c). Petitioner also contended that this defect deprived the Commission of authority to deny him parole. Although Petitioner raised this argument for the first time in his reply brief, the district court, apparently in consideration of Petitioner's *pro se* status, reached the merits.

However, on February 28, 2008, the district court denied Lee's habeas petition, finding that a new parole proceeding would be unnecessary. The court reasoned that while the regulation provides that three commissioner votes are necessary for a denial or grant of parole that varies from the examiners' recommendation by six months or more, it does not require that the votes be obtained on the same date or from certain commissioners. *See* 28 C.F.R. § 2.74(c). The district court found that a pattern of parole denials by an improper number of commissioners would be troublesome, but that the instant record does not suggest any such pattern. The district court also found that the Commission ratified its earlier decision with the third signature. According to the district court, requiring the Commission to conduct a new parole proceeding to obtain three votes simultaneously would not be a good use of resources. On March 18, 2008, Petitioner filed a notice of appeal. On appeal, Petitioner only raises the issue of whether the Commission's parole decision violated its procedural regulations such that Petitioner is entitled to a new parole hearing.

4

**DISCUSSION**

**I. Standard of Review**

We review *de novo* a district court's denial of a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *Rosales-Garcia v. Holland*, 322 F.3d 386, 401 (6th Cir. 2003) (en banc). "The federal court's scope of review over a decision by the Parole Commission is extremely limited." *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 129 (6th Cir. 1987) (per curiam). Generally, we apply a "limited abuse of discretion standard," asking "only whether there is a rational basis" for the decision. *Id.* at 129-30. Whether the Commission acted within its statutory and regulatory authority, however, is a question of law that we review *de novo*. *Kimberlin v. White*, 7 F.3d 527, 533 (6th Cir. 1993); *see also Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir. 1981) (finding that, "even where action is committed to absolute agency discretion by law [as with the Parole Commission], courts have assumed the power to review allegations that an agency. . . failed to follow its own regulations").

**II. Analysis**

Under 28 U.S.C. § 2241, a prisoner may challenge the execution of his sentence or the manner in which his sentence is being served, but cannot challenge the conviction or sentence itself. *Ali v. Tenn. Bd. of Pardon & Paroles*, 431 F.3d 896, 897 (6th Cir. 2005). This Court has noted that a § 2241 petition is the proper means to challenge a decision relating to a prisoner's parole. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).[2]

---

[2]We note that a petitioner is required to be "in custody" to bring a challenge under 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). However, "the term 'custody' . . .is not limited solely to physical confinement." *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989). Individuals on parole, probation, or bail may be considered "in custody" under §§ 2241 and 2254. *Id.* (citing *Jones v. Cunningham*, 371 U.S. 236, 83 S. Ct. 373,

5

Generally, the Parole Commission's decision to grant or deny parole requires "the concurrence of two Commissioners." 28 C.F.R. § 2.74(c). However, "if the decision differs from the decision recommended by the examiner panel by more than six months," as it did in Petitioner's case, the regulations require "three Commissioner votes" to grant or deny parole. *Id.* In imposing this heightened requirement, § 2.74(c) provides a mandatory procedural protection for potential parolees where the Commission chooses to depart from the decision of the examiner panel, and therefore confers a "substantial right" on parties appearing before the Parole Commission. *See Wilson v. Comm'r of Social Sec.*, 378 F.3d 541, 547 (6th Cir. 2004).

On appeal, Petitioner argues that he is entitled to habeas relief under § 2241 because the Commission's 2006 decision to deny Petitioner's parole had two–not three–commissioners' votes, which clearly violates the three commissioner requirement in 28 C.F.R. § 2.47(c). He further contends that the regulation makes clear that the votes of three commissioners must be obtained at the time the prisoner is denied parole. Finally, Petitioner argues that there is a reasonable possibility

---

9 L. Ed. 2d 285 (1963) (parole); *Hensley v. Municipal Court*, 411 U.S. 345, 349, 93 S. Ct. 1571, 1573, 36 L. Ed. 2d 294 (1973) (bail); *United States v. Hopkins*, 517 F.2d 420, 423-24 (3d Cir. 1975) (probation)). The Supreme Court has instructed courts to determine whether a habeas corpus petitioner is "in custody" for purposes of §§ 2241 and 2254 at the time the petitioner files his application. *Id.* (citing *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S. Ct. 1556, 1559, 20 L. Ed. 2d 554 (1968); *Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir.1984)). A petitioner's release from custody after filing an application may render his case moot, but it does not affect the threshold determination of whether he was in custody. *Id.* (citing *Sevier*, 742 F.2d at 268-69). In the instant case, although Petitioner was in custody at the time he filed his petition, and thus satisfied the in custody requirement for purposes of § 2241, Petitioner was released from custody on August 14, 2009. Furthermore, because Petitioner is required to serve life on parole, is subject to burdensome special drug aftercare conditions during his supervision, and is required to participate in a Reentry and Sanctions Center, it appears that the post-incarceration burdens imposed on Petitioner are sufficiently onerous that his case is not rendered moot by Petitioner's release from custody.

that the outcome would have been different had a third commissioner voted at the time of the denial, rather than a year later.

Although a federal court's review of the Parole Commission's actions is limited, this Court has found it proper for federal courts to determine whether the Parole Commission's violations of its own regulations entitles a petitioner to habeas relief. *See, e.g., Liberatore v. Story*, 854 F.2d 830, 838 (6th Cir. 1988) (remanding to the district court to determine whether the Parole Commission violated its regulations and whether such violation entitled the petitioner to habeas relief under § 2241); *see also Marshall v. Lansing*, 839 F.2d 933, 943 (3d Cir. 1988) (concluding that courts can set aside agency action that fails to comply with the agency's own regulations, and that the Supreme Court has noted that a writ of habeas corpus will issue where a federal agency fails to comply with its own regulations).

Courts evaluating claims that an agency, such as the Parole Commission, failed to follow its own regulations have found that such claims fall under the procedural due process guarantees. *E.g., Marshall*, 839 F.2d at 943 ("[P]rinciples of due process require an agency to follow its own regulations."). Petitioner has not specifically argued that the Parole Commission's failure to comply with § 2.47(c) constitutes a violation of his due process rights. Petitioner, however, is proceeding *pro se*, and this Court follows "the general practice of liberally construing *pro se* prisoner's filings." *Spencer v. Bouchard*, 449 F.3d 720, 726 (6th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Thus, this Court should construe his argument that he was "deprived . . . of the fundamental fairness in the parole voting process" as an assertion that the Commission violated his right to procedural due process. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting

7

that allegations in a *pro se* habeas petition are entitled to a liberal construction, including "active interpretation" toward encompassing an allegation stating "federal relief").

Contrary to the district court's finding, the Commission's violations of its own regulations warrant sending the case back to the Commission to conduct a new parole hearing. Courts have required new parole hearings when the Commission did not comply with its own regulations in issuing a decision. For example, the Commission withdrew a previously issued Notice of Action and remanded for a reconsideration hearing when the decision failed to comply with 28 C.F.R. § 2.24(a), which requires concurring votes of two commissioners. *See Hedin v. Thomas*, No. 07 CV 1800, 2008 WL 2404943, at *1 (D. Or. June 6, 2008). Additionally, when the Commission violated its own regulations by referring a case to a case administrator for additional review after a panel issued two concurring examiner opinions, a district court concluded that the Parole Commission's violations of its own regulations warranted a new hearing. *McCallum v. Reilley*, No. 04 CV 142, 2007 WL 2455662, at *2-3, 9 (N.D. W.Va. Aug. 24, 2007).

Furthermore, the Commission's "correction" of its earlier omission does not excuse its failure to comply with the regulation initially. One court has found that, even though the petitioner was eventually told why his offense severity rating was "very high," an explanation that came only after he filed his petition for habeas corpus was "too late to serve the purpose of the Board's own regulations." *Grattan v. Sigler*, 525 F.2d 329, 331 (9th Cir. 1975); *see also Gambino v. E.W. Morris*, 134 F.3d 156, 165, 167 (3d Cir. 1998) (Roth, J., concurring) (finding that the failure to provide Gambino with an opportunity to rebut allegations of organized crime until after the hearing examiner had ruled on Gambino's parole eligibility constituted a violation of 28 C.F.R. § 2.53, and the fact

8

that the issue was discussed after the Examiner made his decision was not sufficient to prevent a violation of 28 U.S.C. § 2.19(c)).

Similarly, § 2.47(c) requires the Commission to obtain the votes of three concurring commissioners if the Commission reaches a decision different from the one arrived at by the hearing examiner, and the third signature over a year later did not substantially comply with § 2.47(c). Although the Commission obtained the third vote, there is no evidence that the third commissioner reviewed the hearing examiner's decision or otherwise considered the case and agreed with the Commission's decision to deny parole. The Parole Commission did not perform further review of the decision, and no subsequent group of three commissioners approved the decision to deny Petitioner parole. *See Scott v. Clark*, 761 F.2d 1524, 1527 (11th Cir. 1985) (finding that while a decision was not initially approved by two commissioners as required by the applicable regulations, the approval of the National Appeals Board, which consists of three commissioners, "substantially complied" with the requirements of § 2.24(a)). Furthermore, at least one court has found that substantial compliance cannot excuse a deviation from regulations, even if there is *de minimis* harm. *Briggs v. United States Parole Comm'n*, 736 F.2d 446, 450 (8th Cir. 1984).

In addition, the district court's use of the term "ratification" is improper in this context. Although the Commission could ratify an act that was unauthorized originally, a ratification in this context would require a group of three commissioners that—together—reviewed and agreed with the decision to deny parole. In other words, one commissioner cannot ratify a previous act of two commissioners when the regulation clearly requires the concurrence of three. Furthermore, this is not a case where the Department of Justice, the agency from which the Commission derives its authority, later interpreted the regulation to allow for the three commissioners to concur at separate

9

times. *Cf. In re Marine Sulphur Queen*, 460 F.2d 89 (2d Cir. 1972) (finding that, in a suit for negligence, the Coast Guard's approval of an interpretation expressed in a sub-agency's rule constituted a ratification of the sub-agency's approval of "the arrangements for strength bulkheads" and, as a result, the companies' compliance with those arrangements was not negligent as a matter of law).

Finally, Petitioner was prejudiced by the Commission's failure to follow its own regulations. As Petitioner argues, it is possible that a third commissioner, who considered the case originally and fully, might have reached a different conclusion, precluding the decision denying parole. Furthermore, it is not the duty of this Court to speculate as to whether "a different outcome on remand is []likely." *See Wilson*, 378 F.3d at 546. Regardless of the probability that a third commissioner deciding the issue at the same time would come to a different conclusion, the Commission's procedural violation "is not made harmless simply because [Petitioner] appears to have . . . little chance of success . . ." *Wilson*, 378 F.3d at 546 (internal citations omitted). "To hold otherwise, and to recognize substantial evidence as a defense to non-compliance with [the rule], would afford the Commissioner the ability the violate the regulation with impunity and render the protections promised therein illusory." *Id. See also Paulsen v. Daniels*, 413 F.3d 999, 1006 (9th Cir. 2005) (concluding that the harmless error rule "is more readily abused [in the administrative context] than in the civil or trial context," and harmless error analysis "must therefore focus on the process as well as the result"). Thus, the error in this case was not harmless.

**CONCLUSION**

For the foregoing reasons, we hereby **REVERSE** the district court's denial of the writ of habeas corpus and **REMAND** with instructions that the district court vacate the United States Parole Commission's order denying Petitioner parole and order that Petitioner be afforded a new parole hearing with three commissioners as provided by the Commission's regulations.

**FREDERICK P. STAMP, JR. District Judge, dissenting.** The district court properly denied petitioner-appellant Aaron W. Lee's petition because the Commission's later acquisition of the third commissioner's vote makes a new parole hearing a futile exercise. I agree with the majority that § 2.74(c) confers a substantial right upon inmates who are being considered for release on parole. Accordingly, the Commission lacks discretion to deviate from § 2.74(c), and as a general matter, failure to comply would probably warrant granting habeas relief in the form of a new parole hearing.

Here, however, under the particular factual and procedural circumstances of this case, the violation is harmless error. Lee did not raise the issue as a ground for habeas relief in his initial petition. The violation was first brought to the district court's attention in the Warden's answer, by which time the Commission had obtained the third vote. Although the third vote should not be deemed to have ratified the Commission's decision, the vote does indicate that a new parole hearing would be futile. By statute, the Commission is limited to five members. *See* Parole Commission and Reorganization Act, 18 U.S.C. § 4201 (1976), *amended* by the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No.105-33, § 11231 (1997).[1] Thus, even assuming that the Commission had the full complement of five members at the time of Lee's parole hearing,[2] and assuming that the two members who did not vote would have voted in Lee's favor,

---

[1]Congress repealed 18 U.S.C. §§ 4201- 4218 in 1984, with an effective repeal date of November 1, 1987. *See* Pub. L. 98-473, § 218, 98 Stat. 1837 (1984). The effective repeal date has been extended several times, most recently to twenty-four years after November 1, 1987. *See* United States Parole Commission Extension Act of 2008, Pub. L. No. 110-312, § 2, 122 Stat. 3013 (2008).

[2]In 1993, the Commission consisted of only three commissioners. 68 Fed. Reg. 41,527-01. Currently, the number of commissioners appears to have remained at three. *See* United States Department of Justice http://www.usdoj.gov/uspc/executive.htm (identifying three commissioners) (last visited December 17, 2009).

three commissioners' votes had already been registered against him. Consequently, it is mathematically impossible for Lee to have obtained a different result on remand. In this particular case, therefore, the later-obtained third vote provides sufficient indicia that the outcome of a new parole hearing would have been the same, thereby rendering the prior violation harmless error.

Further, Lee cannot demonstrate that he suffered substantial prejudice by the Commission's failure to comply with § 2.74(c). Lee argues that he was prejudiced because "there is a reasonable possibility that the outcome would have been different had a third commissioner voted at that time rather than one year later." (Appellant Reply 2.) Aside from mere speculation about the possibility of a different outcome, Lee offers nothing to show prejudice. Speculation that the outcome of his parole hearing may have been different is insufficient to establish prejudice. *See Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004).

For these reasons, I respectfully dissent.