**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alan Neal SCOTT, Defendant-Appellant.**

**No. 81-7398
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 18, 1981.

Alan Neal Scott, pro se.

Bill L. Barnett, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before RONEY, KRAVITCH and CLARK, Circuit Judges.

PER CURIAM:

Appellant Alan Neal Scott was convicted by a jury on two counts of making false statements on bank loan applications in violation of 18 U.S.C. § 1014 and on three counts of mail fraud in violation of 18 U.S.C. § 1341. The statutory maximum sentences for these crimes are two years and five years, respectively. The district court imposed a five-year general sentence, and appellant moved under Fed.R.Crim.P. 35(a) to have the court vacate the general sentence as illegal and impose a proper sentence. The district court denied the motion and this appeal followed. We vacate the sentence and remand for proper sentencing.

Appellant does not challenge the validity of his conviction; rather, he argues only that the five-year general sentence imposed by the district court is illegal and must be vacated for a proper sentence. We agree. This case is squarely within the holdings of *Benson v. United States*, 332 F.2d 288 (5th Cir. 1964) and *Walker v. United States*, 342 F.2d 22 (5th Cir.), *cert. denied*, 382 U.S. 859, 86 S.Ct. 117, 15 L.Ed.2d 97 (1965). In *Benson* the Fifth Circuit[1] held that an "articulate, identifiable sentence" must be imposed; any sentence varying from this standard is "illegal" under Fed.R.Crim.P. 35(a) and cannot stand. *Id.* at 291–92. In *Walker*, the court relied on *Benson* in holding that a general sentence which exceeded the statutory maximum sentence for any one count was illegal. Similarly, in the case before us the five-year general sentence exceeds the statutory maximum for making false statements on bank loan applications, 18 U.S.C. § 1014, and is therefore illegal.

The trial court's reliance on *United States v. Johnson*, 588 F.2d 961 (5th Cir.), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1800, 60 L.Ed.2d 248 (1979), to uphold the general sentence is misplaced. *Johnson* dealt with

---

1. The Eleventh Circuit, in the en banc case *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) adopted as precedent the decisions of the former Fifth Circuit.

the specific situation involving a conviction for contemporaneous acts of bank robbery under the Federal Bank Robbery Act. Prior Fifth Circuit cases have held that contemporaneous acts of bank robbery constitute a single transaction, and that therefore a general sentence, while still "bad business," is not impermissible. *Id.* at 964. *See Hall v. United States*, 356 F.2d 424, 426 (5th Cir. 1966). Because the *Johnson* ruling is confined to the special circumstances of contemporaneous acts of bank robbery, it is inapposite here. Consequently, we must vacate the sentence and remand "for correct resentencing in which the defendant will know precisely the penalty assessed as to each and every count and the order in which the sentences thereby imposed are to be served." *Benson, supra,* at 292.

VACATED AND REMANDED.