UNITED STATES of America,
Plaintiff–Appellee,

v.

Kimmy Lee WOODARD,
Defendant–Appellant.

No. 89–8339.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1991.

Rehearing Denied Sept. 23, 1991.

Jerald Robert Hanks, Lawson & Davis, Atlanta, Ga., for defendant-appellant.

Nicolette Templer, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before COX and BIRCH, Circuit Judges, and ENGEL *, Senior Circuit Judge.

PER CURIAM:

Kimmy Lee Woodard appeals both his conviction on bank robbery and weapons charges and his sentence. We affirm his conviction, but vacate a portion of his sentence and remand for resentencing.

*Facts*

Wearing a mask, jacket and driving gloves and carrying a machine pistol, Woodard robbed a branch of the Citizens and Southern National Bank. He took $26,000 from the teller drawers and began to leave the bank, but the police had been summoned by silent alarm and were waiting outside. Woodard first went back inside the bank, but surrendered to police several minutes later.

At trial, four eyewitnesses identified Woodard as the robber. He was convicted on three counts of bank robbery and weapons charges. Woodard had been previously convicted of three violent felonies.

The statutory maximum penalty on Count 1, attempted bank robbery and assault with a dangerous weapon, is 25 years imprisonment; the statutory maximum penalty for Count 3, possession of firearm by a convicted felon, is life imprisonment. With Woodard's three previous felony convictions, his recommended sentencing range under the Guidelines was 360 months to life. The district court imposed a general sentence of 360 months on Counts 1 and 3.

*Discussion*

As an initial matter, Woodard challenges his conviction on the grounds that the trial court's charge to the jury impermissibly amended the indictment and diluted the requirement that the government prove its case beyond a reasonable doubt. We have considered these arguments and find them to be without merit. We therefore affirm Woodard's conviction.

■ Woodard also challenges his sentence. He contends that the district court erred by imposing a general sentence on Counts 1 and 3, rather than separate and specific sentences for each count.[1] A general sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts. *See Benson v. United States*, 332 F.2d 288, 291 (5th Cir.1964).[2] Woodard correctly observes that general sentences have been held to be *per se* illegal in our circuit, and require remand for resentencing. *United States v. Scott*, 664 F.2d 264 (11th Cir.1981). Woodard therefore asks that we vacate his sentence on Counts 1 and 3 and remand to the district court for distinct sentences on each count.

The government argues that we need not do so. The government recognizes the authority of *Scott*, of course, but contends that the adoption of the federal sentencing guidelines has changed the legal context sufficiently so that we no longer need follow the rule of that case. According to the government, the primary reason for the prohibition against general sentences is the deleterious effect on parole considerations of the uncertainty created by a general sentence. Since the Sentencing Guidelines abolish parole, the primary problem with general sentences is removed, thus obviat-

---

* Honorable Albert J. Engel, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. *Woodard does not challenge his sentence on Count 2.*

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

ing the need for a *per se* rule against them. Instead, the government proposes we judge all sentences, including general sentences, by the standard we set out in *United States v. Buide–Gomez*, 744 F.2d 781, 783 (11th Cir.1984), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1774, 84 L.Ed.2d 833 (1985): a sentence is acceptable if it is "clear and definite" and "so complete as to need no construction of a court to ascertain its import." Under this standard, the government contends, the import of Woodard's sentence is clear: he has been sentenced to 30 years in prison; he is not eligible for parole; he will serve 30 years in prison. The government therefore urges us to affirm Woodard's sentence on Counts 1 and 3.

■ We reject the government's arguments for two reasons. First, rather than making general sentences more acceptable, the Sentencing Guidelines arguably prohibit them. Section 5G1.2 of the Guidelines prescribes the procedures for sentencing on multiple counts. The Guidelines require that, except where statutory maximums or minimums prohibit it, "the sentence imposed on *each* other count shall be the total punishment [recommended by the Guidelines]." Guidelines § 5G1.2(b) (emphasis added). The section further provides that "[i]f the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on *all* counts shall run concurrently...." Guidelines § 5G1.2(c) (emphasis added). The commentary to the section describes exactly what to do in our situation, where "one of the counts [has] a statutory maximum adequate to permit imposition of the total punishment as the sentence on that count." In that case, "[t]he sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum, and be made to run concurrently with all or part of the longest sentence." The commentary also concisely states that "[t]o the extent possible, the total punishment is to be imposed on each count."

These provisions of the Guidelines and commentary indicate not that general sentences are permissible under the Guidelines, but that they are prohibited. Section 5G1.2(b)'s instruction that "the sentence imposed on each other count shall be the total punishment," along with the commentary's guidance, requires distinct sentences on each count of conviction, not undivided general sentences covering two or more counts. *See United States v. Freisinger*, 937 F.2d 383, 392 (8th Cir.1991) ("A sentence not exceeding five years could be achieved either by imposing a five-year sentence on each of the ... convictions and ordering them to run concurrently or, as the parties suggest, by imposing a general sentence of five years on the four convictions. Between these two alternatives, the former is more in keeping with the traditional federal sentencing scheme"); *see also 2 Bench Book for United States District Judges*, § 5.02–2 (introduction to "Model Sentencing Forms Under the Sentencing Reform Act of 1984"), *reprinted in* T. Hutchison & D. Yellen, *Federal Sentencing Law & Practice* Appendix 9 (1989) ("§ 5G1.2 of the guidelines calls for a sentence of imprisonment to be imposed count by count rather than as a general sentence").[3]

■ Furthermore, if the Sentencing Guidelines do not clearly prohibit general sentences, neither do they expressly allow them. Because that is the case, we are constrained by the *per se* rule against gen-

---

**3.** We note that the Foreword to the *Bench Book* cautions that "the Bench Book is not intended to serve as authority and should therefore not be cited directly." In part, the reason for the admonition is that the *Bench Book* is circulated exclusively to federal judicial officers and is not available to the bar at large. However, the portion that we cite has been made commercially available, in the treatise that we cite and on at least one computer legal research service. The introduction in the treatise cited appears to have been slightly altered for a commercial audience, and includes the statement that "[a]lthough the forms were developed by a committee of district judges, it is emphasized that they are in no sense authoritative and should not be cited as such." We note these caveats, and include our citation to this source as merely an indication that the interpretation of the Guidelines that we adopt is at least a permissible interpretation.

eral sentences set forth in *Scott.* The law in this circuit is emphatic that "only a decision by this court sitting *en banc* or the United States Supreme Court can overrule a prior panel decision." *United States v. Machado,* 804 F.2d 1537, 1543 (11th Cir. 1986).[4] Even if we were to agree with the government, therefore, that the reasons for prohibiting general sentences have been largely eliminated by the adoption of the guidelines, absent a clear change in the law—one that would have to be clearer than the one the government argues in this case—we remain bound by the decision of this circuit in *Scott.*

### Conclusion

We affirm Woodard's conviction. However, we vacate his sentence on Counts 1 and 3 and remand to the district court for resentencing consistent with this opinion.

AFFIRMED in part, VACATED in part.

---

**4.** Although several of our cases state the principle that "only" the *en banc* court or the Supreme Court can overrule a panel decision, in a situation such as this where our authority derives from Congress, we have no doubt that a clear change in the law by Congress could also justify a panel of this court in not following an earlier panel's decision, where the prior panel's decision was based on legislation that had been changed or repealed. *See Davis v. Estelle,* 529 F.2d 437, 441 (5th Cir.1976) ("One panel of this Court cannot disregard the precedent set by a prior panel, even though it conceives error in the precedent. Absent an overriding Supreme Court decision *or a change in the statutory law,* only the Court *en banc* can do this") (emphasis added).