[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 27 2000
THOMAS K. KAHN
CLERK

_____

No. 98-7026

_____

D. C. Docket No. 4077-96

WILLIE MAE BARLOW DAVIS,

Petitioner-Appellee,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellant.

_____

Appeal from a Decision of the United States Tax Court

_____

**(April 27, 2000)**

Before ANDERSON, Chief Judge, COX and HULL, Circuit Judges.

PER CURIAM:

This case presents the issue of whether the portion of a judgment paid directly to the taxpayer's attorneys pursuant to a contingency fee arrangement is taxable as income to the taxpayer.

I. FACTS AND PROCEEDINGS BELOW

In 1992, Willie Mae Davis prevailed in a suit against a mortgage company and won a $6,151,000 judgment, of which six million dollars was punitive damages. She had entered into a contingency fee arrangement with her attorneys in 1989 and upon receiving the judgment, they retained $3,111,809 and she received $3,039,191. Initially, Ms. Davis did not report any of the award as income in 1992 and upon audit, the Internal Revenue Service ("IRS") determined that the entire six million dollar punitive damages award should be included as income.[1] The IRS allowed Ms. Davis a deduction for attorneys' fees and costs in the amount of $3,069,250 and determined that Ms. Davis had a deficiency of $1,441,736.

Ms. Davis petitioned the Tax Court for a redetermination of the deficiency. The Tax Court found that although the punitive damages were otherwise taxable as income, the amount paid to her attorneys was not taxable income under *Cotnam v.*

---

[1] The compensatory damages of $151,000 were excludable because they were damages received on account of personal injuries. *See O'Gilvie v. United States*, 519 U.S. 79, 117 S. Ct. 452 (1996).

*Commissioner*, 263 F.2d 119 (5th Cir. 1959).[2]  Thus the Tax Court determined that

Ms. Davis's tax deficiency was $919,772.[3]  The IRS appeals.

## II.  STANDARD OF REVIEW

We review de novo the tax court's conclusions of law and findings of fact

for clear error. *See Sleiman v. Commissioner*, 187 F.3d 1352, 1358 (11th Cir.

1999).

## III.  DISCUSSION

This Court has previously addressed the issue of whether a taxpayer is taxed

on the portion of a judgment paid to the attorneys under a contingency fee

arrangement in Alabama, and in light of the attorneys' lien statute in Alabama, Ala.

Code § 34-3-61 (1997).  In *Cotnam v. Commissioner*, the former Fifth Circuit

found that a woman, who obtained a judgment on her oral contract with a man to

care for him in return for a fifth of his estate, was not required to include as income

the portion of the award paid to her attorneys for their work in enforcing that

---

  [2]  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

  [3]  The deduction for attorneys' fees and costs which the IRS allowed was less favorable to the taxpayer than the exclusion-from-income approach adopted by the Tax Court because the operation of  technical tax rules such as the alternative minimum tax.

contract. Because *Cotnam* is squarely on point and controlling, as the IRS acknowledges, we affirm the Tax Court on this issue.[4]

Next, the IRS argues, in the alternative, that Ms. Davis made a taxable disposition of her property in 1989 when she entered into the contingency fee arrangement. Reasoning that the court's interpretation of the Alabama attorneys' lien statute in *Cotnam* gave an ownership interest in the claim to Ms. Davis's attorneys, the IRS argues that by entering into the fee arrangement agreement, Ms. Davis in essence sold part of her cause of action in 1989. Realizing that that taxable event in 1989 would be time-barred, the IRS suggests that the value of the cause of action and the value of the attorneys' services were unascertainable in 1989, and thus that the taxable event should be deferred pursuant to the open transaction doctrine. The open transaction doctrine, introduced in *Burnet v. Logan*, 283 U.S. 404, 51 S. Ct. 550 (1931), permits a delay in the assessment of the value of the property until the sum is made certain. Thus, under this logic, the IRS argues that Ms. Davis's taxes should not be assessed until 1992 when she received her judgment, and the value of the attorneys' services and her claim became apparent.

---

[4] The IRS's primary argument is that *Cotnam* was wrongly decided and should be overruled. We need not address this argument because this panel is bound by *Cotnam*, which can be overruled only by the en banc court. *See United States v. Woodard*, 938 F.2d 1255, 1258 (11th Cir.1991).

The open transaction doctrine is only applicable when it is not possible to discern the value of either of the assets exchanged. Under *United States v. Davis*, 370 U.S. 156, 82 S. Ct. 1190 (1962), when only one of the assets has an unascertainable value, it is presumed to be of the same worth as the property for which it was exchanged. The IRS concedes that it bore the burden of showing that the open transaction doctrine applied and that the values of the properties exchanged were not ascertainable at the time of the exchange. Because the IRS provided no proof that the values of either the cause of action or the attorneys' services were unascertainable, it has failed to establish that the open transaction doctrine should apply.[5]

Because we find that *Cotnam v. Commissioner* is controlling and that the IRS failed to bear its burden of proof on its open transaction argument, we affirm the decision of the Tax Court.

**AFFIRMED**.

---

[5] In light of this disposition, we of course need not decide whether there was a taxable event in 1989.