[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 14, 2010
JOHN LEY
CLERK

No. 09-16330
Non-Argument Calendar
_____

D. C. Docket No. 09-00347-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY CHARLES NICOLL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 14, 2010)

Before DUBINA, Chief Judge, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Jeffery Charles Nicoll, Jr., appeals his convictions and 180-month

total sentence for two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), and one count of possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. §§ 5861(d) and 5871.  On appeal, Nicoll argues that: (1) the district court committed reversible error when it failed to conduct a hearing *sua sponte* on the issue of his competency to enter a guilty plea; and (2) the district court plainly erred in convicting him under § 922(g) because the statute violates the Commerce Clause, in light of the Supreme Court's holding in *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995), and the Second Amendment, in light of the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. ___, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008) and *McDonald v. Chicago*, 561 U.S.___, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010).  Nicoll further argues that, in sentencing him, the district court erred by: (1) applying a four-level enhancement to his base offense level, pursuant to U.S.S.G. § 2K2.1(b)(6), for having a firearm in connection with another felony offense; (2) permitting an individual whose wife was killed in a car crash caused by Nicoll to make a statement during his sentencing hearing; and (3) imposing an above-guideline sentence that was procedurally and substantively unreasonable.

## I.  FAILURE TO CONDUCT A COMPETENCY HEARING *SUA SPONTE*

Nicoll first argues that the district court erred in failing to conduct a

competency hearing *sua sponte*. We review a district court's failure to order a competency hearing *sua sponte* for an abuse of discretion. *See United States v. Williams*, 468 F.2d 819, 820 (5th Cir. 1972).[1]

A district court shall order a hearing *sua sponte* "if there is reasonable cause to believe that a defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). We have held that a trial court must conduct a competency hearing *sua sponte* when it has a bona fide doubt regarding the defendant's competence. *Tiller v. Esposito*, 911 F.2d 575, 576 (11th Cir. 1990). "The legal test for competency is whether the defendant had sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he had a rational as well as factual understanding of the proceedings against him." *United States v. Nickels*, 324 F.3d 1250, 1252 (11th Cir. 2003) (quotations omitted). We consider

> three factors in determining whether the trial court violated the
> defendant's procedural due process rights by failing to hold *sua*
> *sponte* a competency hearing: (1) evidence of the defendant's

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this court adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

> irrational behavior; (2) the defendant's demeanor at trial [or during the plea hearing]; and (3) prior medical opinion regarding the defendant's competence to stand trial [or enter a plea].

*Tiller*, 911 F.2d at 576. We "focus[] on what the trial court did in light of what it knew at the time of the trial or plea hearing." *Id.* "Because legal competency is primarily a function of defendant's role in assisting counsel in conducting the defense, the defendant's attorney is in the best position to determine whether the defendant's competency is suspect." *Watts v. Singletary*, 87 F.3d 1282, 1288 (11th Cir. 1996).

Applying these standards to the facts of the present case, we conclude that the district court did not abuse its discretion in failing to hold a hearing *sua sponte* to determine whether Nicoll was competent to plead guilty. There is no evidence in the record that Nicoll behaved irrationally at the plea hearing. He unequivocally answered every question the district court asked and he never expressed any confusion with the proceeding. Moreover, Nicoll informed the district court that he had received a general equivalency diploma, had taken additional classes since receiving his diploma, and read, wrote and understood the English language. Although Nicoll informed the district court that he had been diagnosed and received treatment for bipolar disorder and depression, he also informed the court that he last received treatment three years prior and was no

longer taking medication. After learning of Nicoll's past diagnoses, the court received assurances from Nicoll that he was of a clear mind, was thinking appropriately, was not under the influence of any substances, and understood the plea proceeding and its significance. Further, Nicoll's attorney, who was in the best position to determine whether a question existed concerning Nicoll's competency, declined to make any further inquiries at the end of Nicoll's plea colloquy. *See Watts*, 87 F.3d at 1288

Nicoll argues that the district court should have *sua sponte* ordered a competency hearing based on a mental health report that he filed after his guilty plea was accepted in relation to sentencing. However, it is well-established that, in determining whether a district court should have ordered a competency hearing, we focus on what the district court knew at the time of the plea hearing. *See Tiller*, 911 F.2d at 576. Because the mental health report was not available at the time of the plea hearing, it is not relevant to our determination.[2] We conclude that there was not reasonable cause to believe that Nicoll was unable to understand the nature and consequences of the proceeding or to assist in his defense.

---

[2]We note that, even if the mental health report is considered, the report in no way indicated that Nicoll did not have a reasonable degree of rational understanding of the proceedings against him. Instead, the report discussed the role that his mental health and substance abuse issues played in the charged offense.

Accordingly, we hold that the district court did not abuse its discretion in failing to order *sua sponte* a competency hearing.

## II. CONSTITUTIONALITY OF 18 U.S.C. § 922(g)(1)

Nicoll's next argument is that the statute under which he was convicted—18 U.S.C. § 922(g)(1)—is unconstitutional under both the Commerce Clause and the Second Amendment. Where, as here, a defendant challenges the constitutionality of a statute under which he was convicted for the first time on appeal, we will review the claim for plain error only. *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005). Under plain error review, we "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* at 1271 (quotations omitted). Even then, we will rectify the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted). Here, because Nicoll did not object to the constitutionality of § 922(g)(1) before the district court, we review his claims challenging the statute as unconstitutional on its face for plain error. *See id.*

"The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision." *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) (citing *United States v. Woodard*,

6

938 F.2d 1255, 1258 (11th Cir. 1991)). We have repeatedly upheld the constitutionality of § 922(g) against Commerce Clause challenges. *E.g.*, *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996); *United States v. Wright*, 392 F.3d 1269, 1280 (11th Cir. 2004) (listing cases in which we have upheld the constitutional validity of § 922(g)). In *McAllister*, we rejected a constitutional challenge identical to Nicoll's argument—that based on the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549, 115 S. Ct. 1624, 131 L. Ed. 2d 626 (1995), § 922(g) exceeds Congress's Commerce Clause power because it does not require a substantial effect on interstate commerce. 77 F.3d at 389-90. Based on these precedents, we reject Nicoll's Commerce Clause argument.

Nicoll also argues that § 922(g) is unconstitutional under the Second Amendment. In *District of Columbia v. Heller*, 554 U.S. ___, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), the Supreme Court held that the District of Columbia's ban on handgun possession in the home by law-abiding citizens violated the Second Amendment. 554 U.S. at ___, 128 S. Ct. at 2821. The Court in *Heller*, however, qualified that the right to bear arms,"[l]ike most rights, . . . is not unlimited." *Id.* at ___, 128 S. Ct. at 2816. The Court further stated that "nothing in [*Heller*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* at ___, 128 S. Ct. at 2816-17. After

7

*Heller*, we held that § 922(g)(1) is a "constitutional avenue to restrict the Second Amendment right of" convicted felons. *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir.), *cert. denied*, 130 S. Ct. 3399 (2010). Noting that the *Heller* Court specifically disclaimed any erosion of the "longstanding prohibitions on the possession of firearms by felons," we held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *Id.* (quotation omitted). Recently, in *McDonald v. Chicago*, 561 U.S.___, 130 S. Ct. 3020, 177 L. Ed. 2d 894 (2010), the Supreme Court held that the holding in *Heller* "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons [and] . . . [w]e repeat those assurances here." 561 U.S. at ___, 130 S. Ct. at ___, 177 L. Ed. 2d at 926 (quotation omitted). Based on these precedents, we reject Nicoll's argument that § 922(g) violates the Second Amendment.

### III. SENTENCING CLAIMS

A. *U.S.S.G. § 2K2.1(b)(6)*

Nicoll next argues that the district court erred in applying a four-level enhancement to his base offense level, pursuant to U.S.S.G. § 2K2.1(b)(6), for having a firearm in connection with another felony offense. We review a district court's application and interpretation of the Guidelines *de novo*, and its factual

8

findings for clear error. *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). The district court's determination that the defendant used a firearm in connection with another felony offense is a factual finding reviewed for clear error. *United States v. Whitfield*, 50 F.3d 947, 949, n.8 (11th Cir. 1995). "The burden of establishing evidence of the facts necessary to support a sentencing enhancement falls on the government, and it must do so by a preponderance of the evidence." *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007).

In calculating the guideline range for a firearm possession offense under 18 U.S.C. § 922(g), a four-level increase to the base offense level is required "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The commentary to this guideline indicates that the four-level increase may be added to a defendant's offense level even if he is not charged or convicted for the other felony offense. *Id.*, comment. (n.14(C)). Furthermore, the commentary specifically notes that the enhancement should apply "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* at (n. 14(B)).

Effective November 1, 2006, the Guidelines were amended to clarify that "[s]ubsection (b)(6) appl[ies] if the firearm or ammunition facilitated, *or had the*

9

*potential of facilitating*, another felony offense . . . ." *Id.* at (n.14(A)); U.S.S.G., App. C, amend. 691 (emphasis added). Before this amendment to the guidelines commentary, the phrase "in connection with," as used in § 2K2.1(b)(6), was not defined by the Sentencing Guidelines, and we held that the phrase should be expansively interpreted according to its ordinary meaning. *See Rhind*, 289 F.3d at 695. Thus, according to its ordinary meaning, the phrase "in connection with" does not require proof that the firearm actually facilitated the other felony offense. *Id.*

We have recognized that, "in certain circumstances, mere possession of a firearm can be enough to apply a sentencing enhancement." *United States v. Jackson*, 276 F.3d 1231, 1234-35 (11th Cir. 2001). "For instance, where it is reasonable to assume that a defendant possesses a firearm, even without using it, to prevent the theft of counterfeit currency in his possession, an enhancement is properly applied." *Id.* at 1234. We have also held that a defendant possessed a firearm in connection with drug offenses where he possessed both the gun and the narcotics on his person at the same time, because it makes sense to conclude that the firearm "potentially emboldened [the defendant] to undertake illicit drug sales." *United States v. Gainey*, 111 F.3d 834, 837 (11th Cir. 1997). Additionally, we have held that a firearm that was not on a defendant's person can still be

10

possessed in connection with a felony offense if the gun could have been easily retrieved. *United States v. Flennory*, 145 F.3d 1264, 1270 (11th Cir. 1998) (holding that a defendant possessed a firearm in connection with a crime when the firearm was kept in a car across the street from where the defendant was selling drugs), *superceded by regulation on other grounds, as stated in United States v. Brown*, 332 F.3d 1341 (11th Cir. 2003).

We conclude that the district court in this case did not clearly err in applying a four-level enhancement to Nicoll's base offense level, pursuant to U.S.S.G. § 2K2.1(b)(6). First, the government proved by a preponderance of the evidence that Nicoll either manufactured marijuana or knowingly maintained a residence where marijuana was manufactured. The pre-sentence investigation report stated that forty marijuana plants were found in the residence in which Nicoll lived. Although Nicoll claimed that the marijuana plants were not his but instead belonged to another individual to whom he rented a room, the district court concluded that the evidence presented—including a letter written by Nicoll to an acquaintance in which he implies that the marijuana plants seized by the police belonged to Nicoll—proved by a preponderance of the evidence that Nicoll manufactured marijuana. Further, even if the evidence was insufficient to show that Nicoll himself was manufacturing marijuana, a preponderance of the evidence

11

demonstrated that he knowingly maintained a house where marijuana was manufactured, which is in itself a felony. 21 U.S.C. § 856(a)(1).

Likewise, the district court did not clearly err in concluding that Nicoll's possession of a sawed-off shotgun was "in connection with" the marijuana manufacturing. The evidence showed that Nicoll admitted to possessing the sawed-off shotgun in the same residence where the marijuana plants were being grown. Nicoll's possession of the illegal shotgun in close proximity to the marijuana is sufficient to satisfy the "in connection with" requirement of § 2K2.1(b)(6). Because Nicoll's firearm possession had the potential to facilitate another felony offense and was in close proximity to drugs, we conclude that the district court did not clearly err in applying the § 2K2.1(b)(6) four-level enhancement.

B. *STATEMENT DURING SENTENCING HEARING*

Nicoll next argues that the district court erred in permitting an individual whose wife was killed in a car crash caused by Nicoll to make a statement during his sentencing hearing.[3] We review *de novo* "whether a factor considered by the

---

[3]Nicoll was involved in a fatal accident on June 27, 2009. The accident occurred after Nicoll failed to slow his car after traffic had slowed as a result of another crash. A passenger in one of the cars that Nicoll hit was killed and her husband, Mr. Edwards, and their two children were injured. After the police arrived on the scene, they searched Nicoll's vehicle and found a safe located in his trunk containing two firearms, ammunition, and a relatively large quantity of prescription medication. At the sentencing hearing in this case, the district court heard the

12

district court in sentencing a defendant is impermissible." *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).

Under U.S.S.G. § 1B1.3, a district court may only consider "relevant conduct" for purposes of determining (1) the base offense level, (2) specific offense characteristics, and (3) adjustments in Chapter Three. U.S.S.G. § 1B1.3 (defining relevant conduct as including "all acts and omissions committed . . . or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction"). Regarding the factors that may be considered in fashioning a reasonable sentence, however, 18 U.S.C. § 3661 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; *see also United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) (noting that "18 U.S.C. § 3661 . . . remains intact post-*Booker*"). However, we have held that a district court's sentencing discretion under § 3661 is not unlimited because a district court is still subject to the limitations provided in

testimony of an ATF agent, who testified that Nicoll's initial blood test showed that several drugs were in his system shortly after the fatal accident. The district court also entered the medical report into evidence. The ATF agent also testified that the state of Florida had not yet charged Nicoll in relation to that accident pending receipt of an independent blood analysis.

§ 3553(a). *United States v. Burgos*, 276 F.3d 1284, 1288-90 (11th Cir. 2001). A sentence, therefore, must accomplish one of the purposes in § 3553(a), and a sentence imposed in order to accomplish some other purpose would be unlawful. *Id.* at 1289-92 (holding that the district court erred in taking into account the defendant's lack of cooperation in a separate case because there was no legitimate § 3553(a) purpose for the court to consider this conduct).

Furthermore, although a court may consider evidence regarding the sentencing factors without regard to its admissibility under the rules of evidence, the evidence must be sufficiently reliable. *See* U.S.S.G. § 6A1.3(a) (noting that in sentencing a defendant, "the court may consider relevant information without regard to its admissibility under the rules of evidence . . . , provided that the information has sufficient indicia of reliability," and suggesting in the commentary that evidence should be proven by a preponderance of the evidence); *cf. Faust*, 456 F.3d at 1347 (holding that, in the context of determining whether a sentencing enhancement applies, a court may consider conduct for which the defendant was not convicted only if such conduct is proven by a preponderance of the evidence).

We conclude from the record that the district court here did not err by allowing Mr. Edwards, the husband of the women killed in the car accident caused by Nicoll, to make a statement at Nicoll's sentencing hearing because the

14

statement was relevant to the factors and purposes contained in 18 U.S.C.

§ 3553(a), and the court did not consider the statement for an improper purpose.

C. *REASONABLENESS OF SENTENCE*

Finally, Nicoll argues that his sentence of 180 months was procedurally and substantively unreasonable. We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

A sentence may be either procedurally or substantively unreasonable. *See Talley*, 431 F.3d at 786. A sentence is procedurally unreasonable if, for example, the district court fails to calculate or improperly calculates the guideline range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence, including an explanation for any deviation from the guideline range. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008). A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d

15

1179, 1191 (11th Cir. 2008) (quotation omitted).  Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care.  *See* 18 U.S.C. § 3553(a)(2).  The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims.  *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

When a district court decides that a variance is in order, "it should explain why that variance is appropriate in a particular case with sufficient justifications." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir.) (quotation omitted), *cert. denied*, 129 S. Ct. 2847 (2009).  "The justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review," but the district court need not provide an extraordinary

16

justification for a sentence outside the guidelines range. *Id.* (quotations omitted).

"The district court must evaluate all of the § 3553(a) factors when arriving at a sentence, but is permitted to attach great weight to one factor over others." *Id.* at 1237 (quotation and citation omitted). However, "a sentence based on an improper factor fails to achieve the purposes of § 3553(a) and may be unreasonable regardless of length." *United States v. Arevalo-Juarez*, 464 F.3d 1246, 1249 (11th Cir. 2006) (quotation and alterations omitted). When considering whether a sentence is substantively reasonable, we have compared the sentence imposed to the statutory maximum. *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance and observing that the sentence imposed was appreciably below the statutory maximum).

Nicoll has failed to demonstrate that his sentence was either procedurally or substantively unreasonable. As to the procedural reasonableness, we conclude that the district court correctly calculated Nicoll's guideline range, adequately explained its reasons for imposing an upward variance, explicitly acknowledged that the Guidelines were not mandatory, and considered all of the § 3553(a) factors. As to the substantive reasonableness, the court thoroughly reviewed and discussed the § 3553(a) factors, and did not abuse its discretion in imposing an above-guideline sentence.

**CONCLUSION**

For the aforementioned reasons, we affirm Nicoll's convictions and total sentence.

**AFFIRMED.**