[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11326

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD VIEUX,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:95-cr-00179-ACC-DCI-2

_____

Before ROSENBAUM, ABUDU, and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal requires us to address the intersection of the First Step Act's sentence reduction provisions and the imposition of an unlawful general sentence. Richard Vieux contends that his conviction for possession with intent to distribute cocaine is a "covered offense" under the Act and seeks a reduced sentence. The District Court denied his request, finding that the record did not establish his eligibility. But because the District Court imposed a general sentence for multiple counts, we vacate and remand his sentence to allow the District Court to clarify the sentence it imposed. Only then can the District Court properly determine whether Vieux's conviction qualifies for relief under the Act.

I.

In 1995, Vieux was part of a criminal enterprise that spanned several states and involved a series of violent crimes. Vieux and his associates used a 16-year-old runaway girl to lure victims into isolated areas, where they would rob them at gunpoint. In one instance, Vieux shot a victim; in another, an associate instructed the runaway to kill a victim.

The group's activities extended to drugs. After a robbery, they used the proceeds to buy a quarter kilogram of powder cocaine, part of which they converted into crack cocaine for sale. During a traffic stop, law enforcement discovered seven grams of crack cocaine in Vieux's car.

This discovery prompted what would later become Vieux's indictment for possessing with the intent to distribute "a quantity of a mixture and substance containing a detectable amount of cocaine." The indictment alleged that "on or about May 6, 1995," Vieux and his accomplice had "purchased approximately one quarter of a kilogram of cocaine in Miami, Florida." At the time of his indictment, Vieux faced zero to twenty years of imprisonment for that count if he was convicted of possessing powder cocaine, and ten years to life if he was convicted of possessing crack cocaine. 21 U.S.C. § 841(b)(1) (1995).

A jury convicted Vieux of eleven counts, including conspiracy, carjacking, firearms offenses, and pertinent to this appeal, possession with intent to distribute a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1) (count 11).

Vieux's presentence investigation report (PSR) determined that Vieux faced a statutory range of five to forty years for count 11. In other words, the PSR adopted a guideline range for crack cocaine. The District Court adopted the PSR's findings without modification and imposed a general life sentence for all non-18 U.S.C. § 924(c) counts (counts 1, 2, 5, 6, 8 10, 11, 12), plus a consecutive forty-five–year sentence for the § 924(c) firearm charges (counts 3, 7, and 9). It made no finding about the statutory range for any of Vieux's offenses. Vieux did not challenge his general sentence on direct appeal.

In 2022, Vieux moved *pro se* for a sentence reduction under § 404 of the First Step Act. He argued that count 11 was a "covered

4                    Opinion of the Court                 23-11326

offense" because it involved crack cocaine. The District Court acknowledged that it considered Vieux's possession of crack cocaine at the time of his May 15, 1995, arrest in determining his base offense, but noted that crack cocaine was not the basis for the offense in his indictment. So the District Court denied the motion, finding that Vieux failed to demonstrate that count 11 involved crack cocaine and concluding that he was ineligible for relief under § 404. Vieux appeals.[1]

## II.

We review de novo whether an offense qualifies as a "covered offense" under the First Step Act. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023), *cert. denied*, 144 S. Ct. 621 (2024).

## III.

### A.

The First Step Act of 2018 allows district courts to retroactively apply the Fair Sentencing Act of 2010's amendments to crack cocaine offenses. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 allows a reduction in the sentence of a "covered offense," defined as an offense for which the statutory penalties were modified by § 2 or § 3 of the Fair Sentencing Act and that was committed before August 3, 2010. *Id.* § 404(a); *see also United States v. Files*, 63 F.4th 920, 925 (11th Cir. 2023), *cert. denied*,

---

[1] Vieux first appealed *pro se*. We later appointed him counsel who filed replacement initial and reply briefs. The government, too, filed a replacement brief. With all briefing now concluded, Vieux's appeal is ripe for review.

144 S. Ct. 419 (2023) (holding that a district court can only reduce a defendant's sentence under § 404 for covered offenses). The Fair Sentencing Act increased the threshold quantities of crack cocaine needed to trigger mandatory minimums. For example, it raised the threshold under § 841(b)(1)(B)(iii) from five grams to twenty-eight grams, reducing penalties for lower-quantity offenses. Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a)(2), 124 Stat. 2372 (codified at 21 U.S.C. § 841(b)(1)(B)(iii)).

To determine whether an offense is covered under the Act, a court looks at the entire sentencing record, including the PSR, the indictment, and findings at sentencing. *United States v. Jones*, 962 F.3d 1290, 1300–01 (11th Cir. 2020), *cert. granted and judgment vacated sub nom. Jackson v. United States*, 143 S. Ct. 72 (2022), *reinstated by Jackson*, 58 F.4th 1331. If this record shows that the defendant's sentence was based on a crack cocaine amount affected by the Fair Sentencing Act's changes, the offense can then be considered under § 404 for a sentence reduction. *Id.* at 1298. The focus should be on whether the crack cocaine quantity meets the specific thresholds in § 841—such as if the offense involved between five and fifty grams, which triggers § 841(b)(1)(B)(iii)'s penalties. *Id.* at 1301. Drug quantities beyond what determined the statutory penalty are irrelevant to whether the offense qualifies as covered. *Id.* at 1301–02. But the District Court's finding of the actual drug quantity matters if it led to a higher statutory penalty. *Id.* at 1302.

Here, however, an issue obstructs the First Step Act analysis: the District Court's imposition of a general sentence. "A general

sentence is an undivided sentence for more than one count that does not exceed the maximum possible aggregate sentence for all the counts but does exceed the maximum allowable sentence on one of the counts." *United States v. Woodard*, 938 F.2d 1255, 1256 (11th Cir. 1991) (per curiam). General sentences are per se illegal in our Circuit because they prevent meaningful appellate review and disregard statutory mandates. *Id.* at 1256–57 (noting that § 5G1.2(b) of the Sentencing Guidelines prohibits general sentences). Because of this, we have consistently held that the imposition of a general sentence requires a remand. *See, e.g., id.*; *Benson v. United States*, 332 F.2d 288, 291 (5th Cir. 1964).[2] For Vieux, a life sentence was a permissible aggregate sentence, but it was an impermissible sentence on an individual count. So it is a general sentence.[3]

## B.

Determining whether Vieux's count 11 conviction is a "covered offense" under § 404 requires a close examination of the sentencing record. *See Jones*, 962 F.3d at 1300–01. While the District Court found that the record does not show Vieux was sentenced for crack cocaine, the underlying facts and PSR plausibly point in a different direction. Vieux and his associates were alleged to have purchased powder cocaine that they then converted into crack

---

[2] Decisions of the Fifth Circuit issued before October 1, 1981, are binding precedent on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[3] The government concedes that Vieux's sentence is an impermissible general sentence.

cocaine. And the PSR attributed seven grams of crack cocaine to count 11, which directly influenced the statutory range of five to forty years imprisonment.

But even with these indications, we cannot conclude that count 11 contains a covered offense. Neither we nor the District Court can properly examine the sentencing record as § 404 demands while the general sentence remains in place. "One thing sure about the so-called 'general sentence' . . . is that no one—accused, reviewing Court, prison authorities, or sentencing Court—knows what the real sentence is." *Benson*, 332 F.2d at 291.

As a result, an individualized review of count 11's eligibility for a reduction cannot occur until the District Court first eliminates the cloud created by the general sentence. So we have little choice but to vacate Vieux's sentence[4] and remand for the District Court to clarify the sentences it imposed for counts 1, 2, 5, 6, 8, 10, 11, and 12. *See United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005) (vacating a defendant's general sentence and remanding for the

---

[4] We vacate the sentences for counts 1, 2, 5, 6, 8, 10, 11, and 12 as they were all imposed as part of the singular general sentence. Because the sentence was not broken down by individual count, the District Court cannot determine how much of the life sentence applies to count 11. And by remanding for clarification on count 11, we necessarily are vacating the entire general sentence so that the sentence for count 11 can be separated from the other counts. To avoid confusion and ensure precision, we must vacate the sentences for all eight counts and remand for the District Court to clarify the sentences it imposed. Counts 3, 7, and 9, however, are not affected by any potential First Step Act reduction and remain as originally imposed.

limited purpose of clarifying the sentences imposed on each count of conviction).

We emphasize that today's decision is not a backdoor invitation to correct all errors that should have been raised on direct appeal. Section 404 was not designed as a mechanism for defendants to raise every conceivable challenge to their sentence—it focuses on adjusting sentences for certain drug offenses to reflect Congress's recalibrated view of appropriate penalties. Once Vieux's sentence for count 11 is delineated, the District Court will be able to decide whether it qualifies for a reduction under § 404's criteria.

### III.

Vieux also argues that the case should be assigned to a different District Judge on remand. We disagree.

Reassignment "is an extraordinary order." *United States v. Gupta*, 572 F.3d 878, 891 (11th Cir. 2009). It is not taken lightly, especially when there is no evidence of actual bias. In such cases, we weigh whether the original judge can set aside her prior views, whether reassignment is needed to maintain the appearance of justice, and whether the benefits of reassignment outweigh the resulting waste and duplication of effort. *Id.* It may be warranted when a judge clings to an error after multiple remands, questions the law she must enforce, or "challenges the government's decision to prosecute the defendant." *Id.* (alterations adopted) (quoting *United States v. Torkington*, 874 F.2d 1441, 1447 (11th Cir. 1989)).

Vieux has shown no extraordinary circumstances or other factors that justify reassignment. And given the lengthy procedural history of his case and the Court's familiarity with it, the resulting waste of judicial resources would outweigh any gains from reassignment. We therefore decline to reassign Vieux's case.

IV.

Vieux challenges the District Court's denial of his motion for a sentence reduction. But without a specific sentence for count 11, any potential reduction is impossible to evaluate. The District Court's imposition of a general sentence leaves us guessing about whether count 11 contains a covered offense and what impact a reduction might have. To resolve this, we vacate Vieux's sentence and remand for the limited purpose of allowing the District Court to clarify the sentences it imposed for counts 1, 2, 5, 6, 8, 10, 11, and 12. We deny Vieux's request to assign his case to a different judge on remand.

**VACATED AND REMANDED.**